# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| CASA, INC.,<br>8151 15th Avenue<br>Hyattsville, MD 20528<br><br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity,<br>2707 Martin Luther King Jr. Ave, SE<br>Washington, D.C. 20528<br><br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Ave, SE<br>Washington, D.C. 20528<br><br>*Defendants*. | **Case No.:** 8:25-cv-1484 |

## SUPPLEMENT TO THE FIRST AMENDED COMPLAINT

Plaintiff CASA, Inc., hereby supplements its First Amended Complaint, ECF No. 41, under Rule 15(d) of the Federal Rules of Civil Procedure:

1. On June 4, 2025, the Department of Homeland Security (DHS) published a notice in the Federal Register that Secretary of Homeland Security Kristi Noem had terminated Cameroon's Temporary Protected Status (TPS) designation. Termination of the Designation of Cameroon for Temporary Protected Status, 90 Fed. Reg. 23,697 (June 4, 2025).

2. The notice acknowledged that "two major conflicts . . . remain active" in Cameroon but asserted that they "are contained in limited regions that primarily impact only three of the ten regions comprising Cameroon." *Id.* at 23,698. The Secretary therefore concluded that "Cameroonian aliens can return to the majority of areas in Cameroon that do not pose a serious threat to personal safety." *Id.*

3. The notice further stated that although "crime is prevalent in some regions of Cameroon, the generalized criminal activity in those regions does not form a sufficient basis for extraordinary and temporary conditions for TPS." *Id.*; *see also* 8 U.S.C. § 1254a(b)(1)(C).

4. But "even assuming there remain extraordinary and temporary conditions that prevent Cameroonian nationals from safely returning," the Secretary stated that "it is contrary to the national interest to permit Cameroonian nationals (or aliens having no nationality who last habitually resided in Cameroon) to remain temporarily in the United States." *Id.*; *see also* 8 U.S.C. § 1254a(b)(1)(C).

5. According to the notice, President Donald Trump had "clearly articulated an array of policy imperatives bearing upon the national interest in his recent immigration and border-related executive orders and proclamations," including Executive Order 14,159, in which President Trump "underscored that enforcing the immigration laws 'is critically important to the national

security and public safety of the United States.'" *Id.* (quoting Exec. Order 14,159, 90 Fed. Reg. at 8,443).

6. The notice continued by stating that "[i]n furtherance of that objective, the President directed the Secretary, along with the Attorney General and Secretary of State, to promptly take all appropriate action, consistent with law, to rescind policies that led to increased or continued presence of illegal aliens in the United States," and that "the directed actions" include "ensur[ing] that the TPS designations are consistent with the TPS statute and 'are appropriately limited in scope and made for only so long as may be necessary to fulfill the textual requirements of that statute.'" *Id.* (quoting Exec. Order 14,159, 90 Fed. Reg. at 8,446).

7. In addition, the notice stated that "[t]he Department has reappraised the national interest factors and determined, in its discretion, that continuing to permit Cameroonian nationals (and aliens having no nationality who last habitually resided in Cameroon) to reside in the United States would be inconsistent with both [the TPS statute] and E.O. 14159 in light of the Secretary's determination that they may return in safety." *Id.*

8. The notice further indicated that the termination of Cameroon's TPS designation would not take effect until 60 days after it was published in the Federal Register (August 4, 2025), and automatically extended the validity of certain Employment Authorization Documents previously issued under Cameroon's TPS designation until the termination takes effect. *Id.* at 23,699.

**SUPPLEMENTAL CAUSES OF ACTION**

**Count VI**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (D)**
**(Attempted Cameroon Termination)**

9. CASA re-alleges and incorporates by reference all of the allegations above and those in the First Amended Complaint, ECF No. 41.

10. Defendants' attempted termination of the TPS designation for Cameroon constitutes "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

11. The Court is authorized to "hold unlawful and set aside agency action" found to be "not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2) (A), (D).

12. The attempted termination is not effective because the Secretary did not follow the statutory requirement to publish notice of the termination in the Federal Register at least 60 days before the prior designation period expired. 8 U.S.C. § 1254a(b)(3)(B). As a result of that failure, Cameroon's TPS designation is automatically extended by at least six months. 8 U.S.C. § 1254a(b)(3)(A), (C). Should the Secretary wish to terminate Cameroon's TPS designation, she needs to do so in a procedurally correct manner by publishing a termination notice at least 60 days before that six-month period expires.

**Count VII**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**(Attempted Cameroon Termination)**

13. CASA re-alleges and incorporates by reference all of the allegations above and those in the First Amended Complaint.

3

14. Defendants' attempted termination of the TPS designation for Cameroon constitutes "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

15. The Court is authorized to "hold unlawful and set aside agency action" found to be "arbitrary, capricious, . . . or not in accordance with law." 5 U.S.C. § 706(2)(A).

16. An agency's actions are arbitrary, capricious, and not in accordance with law if it relies on "factors which Congress has not intended it to consider," *Roe v. Dep't of Def.*, 947 F.3d 207, 220 (4th Cir. 2020) (cleaned up), or "contrived reasons," *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019), or fails to "articulate a satisfactory explanation for its action," *Motor Vehicle Mfrs Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 23, 43 (1983). The Federal Register notice makes clear that the decision to terminate Cameroon's TPS designation was not based on the factors set forth in the TPS statute, but was instead a preordained decision directed by the President, a part of the Trump Administration's broader effort to reduce the number of nonwhite immigrants in this country. Moreover, the notice does not contain sufficient explanation for (1) how the armed conflicts and other extraordinary and temporary conditions in Cameroon have changed in any meaningful way since DHS extended the country's TPS designation in 2023; or (2) why further extension of Cameroon's TPS designation would be "contrary to the national interest," 8 U.S.C. § 1254a(b)(1)(C).

**Count VIII**
**Violation of the Equal Protection Component of the**
**Fifth Amendment's Due Process Clause**
**(Attempted Cameroon Termination)**

17. CASA re-alleges and incorporates by reference all of the allegations above and those in the First Amended Complaint.

18. The equal protection component of the Fifth Amendment's Due Process Clause prohibits the federal government from taking action for which discriminatory intent or purpose is a motivating factor. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–266 (1977); *N.C. State Conf. of the NAACP v. McCrory*, 831 F.3d 204, 220 (4th Cir. 2016).

19. Defendants' attempted termination of Cameroon's TPS designation was motivated at least in part by the Trump Administration's discriminatory intent to terminate TPS for Cameroonians and render them removable under the immigration laws because of their race, ethnicity, and national origin. The discriminatory intent is evidenced by, *inter alia*, the Trump Administration's efforts to eliminate lawful immigration status for noncitizens from countries that the Administration believes are predominantly non-white, while simultaneously removing immigration barriers to white noncitizens; the procedural and substantive departures from the typical decision-making process for TPS termination determinations; and contemporaneous statements by Secretary of Homeland Security Kristi Noem and President Trump displaying their animus toward non-white immigrants.

20. The attempted termination of Cameroon's TPS designation therefore violates the Fifth Amendment's guarantee of equal protection.

## SUPPLEMENTAL PRAYER FOR RELIEF

For the foregoing reasons, in addition to the other relief requested in the First Amended Complaint, CASA respectfully requests that this Court:

i. Declare unlawful and set aside the attempted termination of the TPS designation for Cameroon; and

j. Permanently enjoin enforcement of and declare unlawful the attempted termination of the TPS designation for Cameroon.

June 5, 2025

| | |
|---|---|
| | _____/s/_____ |
| Nicholas Katz, Esq. (D. Md. 21920) | Jonathan L. Backer (D. Md. 20000) |
| CASA, INC. | Rupa Bhattacharyya* |
| 8151 15th Avenue | Julia Gegenheimer* |
| Hyattsville, MD 20783 | Joseph W. Mead (D. Md. 22335) |
| 240-491-5743 | Mary B. McCord (D. Md. 21998) |
| nkatz@wearecasa.org | Samuel P. Siegel[†] |
| | INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION |
| Ryan C. Downer* | Georgetown University Law Center |
| Sarah L. Bessell (D. Md. 30969) | 600 New Jersey Ave., N.W. |
| WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS | Washington, D.C. 20001 |
| 700 14th St. #400 | Phone: (202) 661-6671 |
| Washington, D.C. 20005 | Fax: (202) 661-6730 |
| Tel. (202) 319-1000 | jb2845@georgetown.edu |
| Fax (202) 319-1010 | jg1370@georgetown.edu |
| ryan_downer@washlaw.org | jm3468@georgetown.edu |
| sarah_bessell@washlaw.org | mbm7@georgetown.edu |
| | rb1796@georgetown.edu |
| | ss5427@georgetown.edu |
| | *Attorneys for Plaintiff CASA, Inc.* |

*Admitted pro hac vice.*

[†]*Admitted pro hac vice. DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member.*

6