July 11, 2025

**VIA CM/ECF**
Judge Theodore D. Chuang
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

**Re: Motion for a Stay of Agency Action Pending Appeal**

Dear Judge Chuang,

    Plaintiff CASA intends to appeal to the Fourth Circuit this Court's denial of a stay of agency action pursuant to 5 U.S.C. § 705. *See* Mem. Op. & Order 51–55, ECF No. 76; Order, ECF No. 77. In anticipation of this forthcoming appeal, CASA respectfully requests permission to file a motion pursuant to Rule 62(d) of the Federal Rules of Civil Procedure for a stay of agency action pending appeal. Given the timeline, CASA further requests that this Court treat this letter as CASA's motion. CASA asked Defendants for their position on the relief requested in this letter, but Defendants were unable to provide their position before Monday.

    Without an immediate injunction, current TPS holders will be faced with a devastating choice—abandoning their homes, relinquishing their employment, and uprooting their lives to return to a country they fear, or remaining in the United State in a state of legal uncertainty while they wait for other immigration processes to play out.

    Rule 62(d) allows a court to "grant an injunction" "[w]hile an appeal is pending from an interlocutory order" that "refuses . . . an injunction." Fed. R. Civ. P. 62(d). Although the standard governing an injunction pending appeal is similar to the standard governing a preliminary injunction (or stay under 5 U.S.C. § 705), *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), there are important differences.

    To begin, the mere fact that the Court has determined that CASA did not meet the likelihood-of-success-on-the-merits prong of the test for Section 705 relief does not necessarily foreclose granting CASA relief pending appeal. Rule 62(d) "contemplates that there will be situations where district courts can grant injunctions pending appeal even after denying a preliminary injunction," and therefore "a court may issue an injunction pending appeal even when it believes its analysis in denying preliminary injunctive relief is correct." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1235 (N.D. Cal. 2025) (internal quotation marks and alterations omitted). Thus, the "Court need not change its mind as to the correctness of its prior ruling; it need merely determine whether [the losing party's] appeal presents an admittedly difficult legal question." *Maryland v. U.S. Dep't of Agric.*, No. CV JKB-25-0748, 2025 WL 1020224, at *2 (D. Md. Apr. 4, 2025) (internal quotation marks omitted). "[O]therwise, a district court would *never* stay an order pending appeal, as 'every court that renders a judgment does so in the belief that its judgment is the correct one.'" *Id.* (quoting *Woollard v. Sheridan*, 863 F. Supp. 2d 462,

477 (D. Md. 2012), *rev'd on other grounds sub nom. Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013)).

This case presents the sort of "difficult legal question" that warrants preservation of the status quo pending appeal. *Maryland v. U.S. Dep't of Agric.*, 2025 WL 1020224, at *2. This Court has found that CASA "has plausibly alleged an APA violation on the grounds that the Afghanistan and Cameroon terminations were made pursuant to a general policy or practice of engaging in preordained terminations of TPS designations in order to reduce the number of non-white immigrants." Mem. Op. 46–47. Among other things, the Court noted that "CASA has asserted facts in support of the conclusion that DHS acted with an intent to reduce the number of non-white immigrants in the United States," *id.* at 41, including "numerous public statements made by President Trump, during his presidential campaign and as president, in which he disparately disparaged non-white immigrants.," *id.*; that there are "multiple examples of actions by the Trump Administration to curtail immigration from countries viewed as having non-white populations," *id.* at 42; that "CASA has identified facts relating to the process leading to Secretary Noem's termination decisions that circumstantially support its claim that they were 'preordained by White House directive,' potentially in service of the policy or practice of reducing the number of non-white immigrants," *id.* at 43; and that "Secretary Noem's findings appear to be inconsistent with certain information in the administrative record," *id.* at 45. Although this Court did not view that evidence as sufficient to establish a likelihood of success on the merits, *id.* at 53, the fact that this Court found that evidence sufficient to state a plausible APA claim shows that it is at least a close call with which the Fourth Circuit might well disagree. Moreover, although the Court also disagreed with CASA's argument that, under 8 U.S.C. § 1254a, the TPS period was automatically extended for six months, the Court noted that it was "a matter of first impression." *Id*. at 29.

The imminent irreparable harm faced by those losing TPS protection strongly supports a stay of agency action pending appeal. "In cases where the risk of irreparable harm is especially great, an injunction pending appeal may be warranted even though it does not appear that there is a strong likelihood that the party will succeed on the merits." *MediNatura, Inc. v. FDA*, No. CV 20-2066 (RDM), 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021) (internal quotation marks omitted). Further, federal courts have the inherent power to maintain the status quo pending appeal. *E.g.*, Wright & Miller's 11 Fed. Prac. & Proc. Civ. § 2904; *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922) ("Undoubtedly, after appeal the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court."); *Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1242 (10th Cir. 2024) ("Limited residual authority to maintain the status quo during an appeal is deeply rooted in our jurisprudence.").

Absent a stay of agency action, Afghanistan's TPS designation will terminate on Monday, July 14, 2025. Termination of the Designation of Afghanistan for Temporary Protected Status, 90 Fed. Reg. 20,309, 20,309 (May 13, 2025). Cameroon's TPS designation will terminate shortly thereafter on August 4, 2025. Termination of the Designation of Cameroon for Temporary Protected Status, 90 Fed. Reg. 23,597, 23,697 (June 4, 2025). If those terminations go into effect TPS holders from those countries will immediately lose their lawful status in this country and will be subject to detention and/or removal and will no longer have work

authorization.  *See* 8 U.S.C. § 1254a(a)(1)(A)–(B), (d)(4), (f)(4).  TPS holders accordingly face "grave risks" absent emergency relief from this Court.  Mem. Op. 54 (noting that CASA member B.S. "faced death threats in Afghanistan because of her work as an interpreter for [the] United States and international agencies such that she may well face retribution from the Taliban if forced to return"); *id.* (noting that CASA member M.A. "reasonably fears retribution if he returns to Afghanistan" based on his work on U.S.-funded programs in that country).  This Court has accordingly already recognized that "the balance of the equities and the public interest likely weigh in . . . favor" of a stay of administrative action.  *Id.*

CASA therefore requests that this Court grant a stay of agency action pending appeal, so that Cameroonian and Afghan TPS holders are not forced to endure the irreparable harms that this Court recognized while CASA appeals this Court's decision on the likelihood of success on the merits.

In the alternative, CASA requests that the Court issue a temporary, 14-day postponement of the effective date of agency action to allow CASA to seek relief from the Court of Appeals.  This temporary delay is necessary to preserve the status quo and prevent irreparable harm until the Court of Appeals has an opportunity to consider CASA's request. *See, e.g.*, *Refugee & Immigr. Ctr. for Educ. & Legal Servs. v. Noem*, No. CV 25-306 (RDM), 2025 WL 1825431, at *56 (D.D.C. July 2, 2025) ("The Court will postpone the effective date of its class-wide order for fourteen days to permit Defendants to seek a stay pending appeal from the Court of Appeals and to prepare to implement the Court's order.").

CASA respectfully requests the Court issue a decision on this request as soon as possible, so that it can seek relief from the Fourth Circuit to prevent irreparable harm to its members.

Sincerely,


_____/s/_____
Jonathan L. Backer
Senior Counsel
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
Phone: (202) 661-6671
jb2845@georgetown.edu