## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| |
|---|
| CASA, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, & UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>*Defendants*. |

**Case No.** 8:25-cv-1484

## INITIAL JOINT STATUS REPORT

As directed by this Court's Scheduling Order, ECF No. 132, the parties provide the following Initial Joint Status Report:

1. **Requests for Modification.** The parties seek no modifications to the deadlines, default deposition hour limit, or other provisions of the Scheduling Order.

2. **Consent to Proceed Before a United States Magistrate Judge.** The parties do not consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge.

3. **Mediation before a United States Magistrate Judge.** The parties do not believe that this case can be resolved at mediation.

4. **Scope of Discovery.** The parties disagree on the scope of discovery and were unable to reach consensus during a meet-and-confer held on January 28, 2026.

<u>Plaintiff's position:</u>

In this Court's order granting extra-record and equal-protection discovery, it held that CASA's claims required analysis of the administrative records "alongside additional evidence relating to DHS's other TPS determinations and the other related actions referenced by CASA." ECF No. 122, at 36.  The Court specifically mentioned "Secretary Noem's TPS determination for other countries, DHS's implementation of Executive Orders 14,150 and 14,159, and the admission of Afrikaners from South Africa through the United States Refugee Admissions Programs" as among the topics for which extra-record discovery was warranted.  *Id.* at 35.  In addition to those specific topics, throughout this litigation CASA has consistently pointed to the termination of the parole program for Cubans, Haitians, Nicaraguans, and Venezuelans; the large-scale termination of Student and Exchange Visitor Information System Program records; and the creation of a "gold card" visa program as relevant to establishing a broader effort to reduce the number of non-white immigrants in the United States and disparate treatment of non-white immigrants as compared with white immigrants.  *See* Am. Compl. ¶¶ 71–72, 75, ECF No. 41.

Finally, Plaintiffs also seek discovery concerning the Administration's decision effective January 21, 2026, to pause all visa issuances to immigrant visa applicants who are nationals of 75 specified countries, the vast majority of which have majority non-white populations on the purported basis that nationals of those countries are at "high risk" of receiving "public benefits."[1] Although information concerning that policy is highly relevant to its claims, CASA has not referenced it only because it postdates previous court filings.

---

[1] *Immigrant Visa Processing Update for Nationalities at High Risk of U.S. Public Benefits Reliance*, U.S. Dep't of State, https://travel.state.gov/content/travel/en/News/visas-news/immigrant-visa-processing-updates-for-nationalities-at-high-risk-of-public-benefits-usage.html (last updated Feb. 2, 2026) (capitalization omitted).

Consistent with this Court's order granting extra-record and equal-protection discovery, discovery will be needed on the following topics:

i. All TPS determinations made or in the process of being made since January 20, 2025;

ii. The Executive Branch's implementation of Executive Order 14,150;

iii. The Executive Branch's implementation of Executive Order 14,159;

iv. The Executive Branch's implementation of Executive Order 14,163;

v. The Executive Branch's implementation of Executive Order 14,204;

vi. The Executive Branch's implementation of Executive Order 14,351 and creation of a "gold card" visa program;

vii. The Department of Homeland Security's termination of the parole program for Cubans, Haitians, Nicaraguans, and Venezuelans; and

viii. The Department of Homeland Security's large-scale termination of Student and Exchange Visitor Information System Program records.

ix. The Executive Branch's decision, effective January 21, 2026, to pause all visa issuances to immigrant visa applicants who are nationals of 75 specified countries.

Defendants' position:

Plaintiffs' discovery requests must be "relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1); *see Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense'"); *see also Cohn v. Bond*, 953 F.2d 154, 159 (4th Cir. 1991) (holding that the discovery process is not to be used as a "fishing expedition"); *Micro Motion, Inc. v. Kane Steel Co. Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("requested

3

information is not relevant to subject matter involved in the pending action if the inquiry is based on the party's mere suspicion or speculation") (internal quotations omitted).

Defendants acknowledge that the Court's December 8, 2025 order granted Plaintiffs' Motion for Extra-Record Discovery as to both Plaintiffs' APA and Equal Protection Claims. ECF 122. This includes Plaintiffs' requests for extra-record discovery on TPS determinations in other countries, DHS's implementation of Executive Orders 14,150, and 14,159, and the admission of Afrikaners from South Africa through the U.S. Refugee Admissions Program. *See id*. at 35. However, as written, Plaintiffs' proposed scope of discovery is not "relevant to any party's claim or defense [or] proportional to the needs of th[is] case." Fed. R. Civ. P. 26(b)(1). Plaintiffs simply offer overly broad categories on a wide range of immigration programs, including those not previously identified by Plaintiffs in their Motion for Extra-Record Discovery, and programs that are completely unrelated to TPS, such as DHS's alleged termination of the Student and Exchange Visitor Information System Program. Plaintiffs have not presented an adequate explanation as to why these requests are not simply a "fishing expedition" in search of evidence in other immigration matters "that *may* be helpful" to their argument in this matter but instead are narrowly tailored and proportional to the needs of this *specific* TPS matter. *See Clark v. Creative Hairdressers, Inc.*, 2005 WL 3008511, at *15 (D. Md. Nov. 9, 2005) ("[A] request for discovery will not be granted if the party merely wishes to conduct a 'fishing expedition' in search of evidence that *may* be helpful.") (emphasis added).

Defendants maintain their position that extra-record discovery is unwarranted in this case. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (finding that review of agency action is typically limited to the administrative record that was before the agency at the time of the decision). Recognizing that the Court has rejected that position, the scope of discovery should be effectively

limited and proportional to the Court's December 8, 2025 order, and not extend beyond Plaintiffs' initial requests that were previously before this Court. *See* ECF 104, ECF 122. Defendants' proposal as to the proportional categories for any extra-record discovery in accordance with the Court's December 8, 2025 order is as follows:

    i.    TPS determinations made in Venezuela and Honduras, as those two TPS determinations were made before the official termination dates of TPS for both Afghanistan and Cameroon;

    ii.    DHS's implementation of Executive Order 14,150[2] from March 21, 2025 (the date the Afghanistan termination decision was made) to June 4, 2025 (the date the TPS termination for Cameroon was published); and

    iii.    DHS's implementation of Executive Order 14,159 Sec. 16(b)[3] from March 21, 2025 (the date the Afghanistan termination decision was made) to June 4, 2025 (the date the TPS termination for Cameroon was published).

Any additional discovery beyond this proposed scope would be unreasonable and unproportional. Fed. R. Civ. P. 26(b)(1); *see Herbert*, 441 U.S. at 177. Further, Plaintiffs have added an entirely new area of discovery—the Executive Branch's decision, effective January 21, 2026, to pause all visa issuances to immigrant visa applicants who are nationals of 75 specified countries—to this joint status report. This new request was *not* presented before the Court in Plaintiffs' Motion to Complete the Administrative Record and for Extra-Record Discovery. *See* ECF 104. As such, Defendants have not had the opportunity to brief whether such discovery would be relevant or proportional, including in light of the fact that the cited action took place long after

---

[2] Executive Order 14,150 is directed to the Secretary of State, who is not a party to this matter, not to DHS. Defendants propose this category of discovery only because the Court specifically addressed Executive Order 14,150 in its December 8, 2025 Order. ECF 122 at 35.

[3] Again, Defendants propose this specific area of discovery as the Court pointed to Executive Order 14,159 in its Order. *See* ECF 122 at 35. Section 16(b) of Executive Order 14,159 specifically discusses TPS, and directs the Secretary of Homeland Security to "ensur[e] that designations of [TPS] are consistent with the provisions of section 244 of the INA (8 U.S.C. 1254a), and that such designations are appropriately limited in scope and made for only so long as may be necessary to fulfill the textual requirements of that statute[.]" Any discovery outside of this specific section would not be "proportional to the needs of this case[.]" Fed. R. Civ. P. 26(b)(1).

the decisions that Plaintiffs now challenge. Consequently, the Court granting discovery in this specific area would be improper.

5. **Case Management Conference.** In light of the parties' diverging views on the scope of discovery, the parties request a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

February 2, 2026                                      Respectfully submitted,

                                         _____/s/_____

Ryan C. Downer*                          Jonathan L. Backer (D. Md. 20000)
Sarah L. Bessell (D. Md. 30969)          Rupa Bhattacharyya*
WASHINGTON LAWYERS' COMMITTEE FOR        Julia Gegenheimer*
CIVIL RIGHTS AND URBAN AFFAIRS           Joseph W. Mead (D. Md. 22335)
700 14th St. #400                        Mary B. McCord (D. Md. 21998)
Washington, D.C. 20005                   Samuel P. Siegel*
Tel. (202) 319-1000                      INSTITUTE FOR CONSTITUTIONAL ADVOCACY
Fax (202) 319-1010                         AND PROTECTION
ryan_downer@washlaw.org                  Georgetown University Law Center
sarah_bessell@washlaw.org                600 New Jersey Ave., N.W.
                                         Washington, D.C. 20001
                                         Phone: (202) 661-6671
                                         Fax: (202) 661-6730
                                         jb2845@georgetown.edu
                                         jg1370@georgetown.edu
                                         jm3468@georgetown.edu
                                         mbm7@georgetown.edu
                                         rb1796@georgetown.edu
                                         ss5427@georgetown.edu
                                         *Attorneys for Plaintiff CASA, Inc.*

*Admitted pro hac vice.*

BRETT A. SHUMATE
Assistant Attorney General                LAUREN BRYANT
                                          CATHERINE ROSS
YAAKOV M. ROTH                            ERIC SNYDERMAN
Acting Assistant Attorney General         JEFFREY HARTMAN
                                          DANIEL CAPPELLETTI
                                          ILANA KRAMER
RUTH ANN MUELLER                          ROBERT LINDEFJELD
Senior Litigation Counsel                 Trial Attorneys

6

<u>/s/ Shelby Wade</u>
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 285-8379
Shelby.Wade2@usdoj.gov

*Counsel for Defendants*