BRETT A. SHUMATE
Assistant Attorney General
RUTH ANN MUELLER
Senior Litigation Counsel
LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
ERIC SNYDERMAN
DANIEL CAPPELLETTI
ILANA KRAMER
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 285-8379
Facsimile: (202)-305-7000
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA INC.,<br><br>      PLAINTIFF,<br><br>    V.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.,*[1]<br><br>      DEFENDANTS. | Case No. 8:25-cv-1484-TDC<br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT RULING IN RELATED CASES**<br><br>Judge: Theodore D. Chuang |

---

[1] The current Department of Homeland Security Secretary is automatically substituted as a defendant in place of the former Secretary, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

Pursuant to FED. R. CIV. P. 6 and Local Rule 105(9), Defendants respectfully request that this Court stay all pending proceedings in this case, pending the Supreme Court's forthcoming decisions in the two cases in which it granted certiorari before judgment to resolve frequently recurring issues in TPS litigation, including the scope and effect of the bar on judicial review in 8 U.S.C. § 1254a(b)(5)(A). *See* FED. R. CIV. P. 6(b)(1)(A); 607 U.S. ___ (Mar. 16, 2025) (granting certiorari before judgment in *Noem v. Dahlia Doe*, No. 25-1083, —S Ct.—, 2026 WL 731088 (U.S. Mar. 16, 2026), and *Trump v. Miot*, No. 25-1084, — S. Ct. —, 2026 WL 731087 (U.S. Mar. 16, 2026)). This is Defendants' second motion to stay proceedings. Plaintiff CASA has stated that it takes no position on this motion.

## PROCEDURAL HISTORY

On May 20, 2025, Plaintiff CASA, Inc., filed its First Amended Complaint, challenging the Secretary of Homeland Security's terminations of the TPS designations for Afghanistan and Cameroon under the Administrative Procedure Act ("APA"), Declaratory Judgment Act, and the Due Process Clause of the Fifth Amendment.[2] ECF No. 41. On that same day, Plaintiff also filed a Motion for Partial Summary Judgment, or Stay of Agency Action, seeking an order declaring the termination of the TPS designation for Afghanistan as unlawful and declaring that the designations for Cameroon and Afghanistan are automatically extended for six months. ECF No. 42. The Government opposed Plaintiff's Motion for Partial Summary Judgment, cross moved for Summary Judgment, and moved to dismiss Plaintiff's pleadings. ECF No. 53. The Government argued that this Court lacks jurisdiction over all of Plaintiff's claims pursuant to 8 U.S.C. §

---

[2] On June 5, 2025, Plaintiff filed a Supplemental Complaint, adding claims for Cameroon under the Declaratory Judgment Act. ECF No. 55.

1254a(b)(5)(A) and 8 U.S.C. § 1252(f)(1), and that Plaintiff is not entitled to summary judgment because the TPS determinations complied with the procedural requirements. *Id.*

On July 10, 2025, the Court denied both motions, concluding that neither party is presently entitled to summary judgment and the Plaintiff has not demonstrated it is likely to succeed on the merits of these claims. ECF No. 76. On July 30, 2025, the Government filed its partial Motion to Dismiss the Due Process Fifth Amendment claims raised in Counts V and VIII of Plaintiff's Supplemental Complaint, which the Court ultimately denied and instead, permitted discovery for Plaintiff. ECF No. 123. The parties are currently engaged in discovery, and filed their initial joint status report on February 2, 2026, indicating that parties disagree on the scope of discovery. ECF No. 133.

**ARGUMENT**

**I.      The Court Should Stay All Further Proceedings Pending Issuance of the Supreme Court's Decision**

"The power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In particular, the Fourth Circuit has long recognized that a district court may properly exercise its discretion to issue a stay "pending the outcome of a similar suit." *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967); *see also Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) ("We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."); *Preston v. United States*, 2015 WL 221633, at *9 (D. Md. Jan. 15, 2015) (holding motion to dismiss in abeyance "pending the final outcome" of a similar case pending before the Supreme Court, because "a decision at this time would be an inefficient use of the

[district] Court's resources."). The exercise of this power is especially important "in cases of extraordinary public moment" where a party "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 730-31 (D. Md. 2018) (internal citations omitted). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The circumstances of this case warrant a stay.

On March 16, 2026, the Supreme Court granted certiorari before judgment in *Dahlia Doe* and *Miot* to decide whether 8 U.S.C. § 1254a(b)(5)(A) bars review of APA claims challenging the Homeland Security Secretary's determinations with respect to designations, extensions, or terminations of foreign countries for TPS; whether respondents' APA claims, if they are reviewable, fail on the merits; and whether respondents' equal-protection claim fails on the merits. *See Dahlia Doe*, 2026 WL 731088 at *1; *Miot*, 2026 WL 731087 at *1. The Supreme Court has scheduled argument to take place on April 29, 2026. *Id*. The Supreme Court's decision in *Dahlia Doe* and *Miot* may control or materially narrow the issues presented in this case. For instance, the Supreme Court may conclude that the TPS statute bars judicial review of APA claims like Plaintiffs' or assess some or all of such claims on the merits. Such a ruling may obviate any need for the ongoing discovery here, rendering it an unnecessary expenditure of the parties' and the Court's resources. *See Int'l Refugee Assistance Project*, 323 F. Supp. 3d 733 (explaining that judicial economy will be served by a stay of the case where "the resolution of the issues before the Supreme Court will likely have a direct impact on the future course of the case, including on the next decisions this Court must make."); *Landis*, 299 U.S. at 256 (noting that a stay was appropriate

4

even though a different case on appeal would "not settle every question of fact and law," when it appeared that a decision in the other case would "settle many [issues] and simplify them all").

Indeed, once the Supreme Court has ruled, this Court will have to re-evaluate its prior decisions to ensure consistency with the governing legal framework announced by the decision.

Here, permitting discovery to proceed at this time—particularly while important jurisdictional questions remain unresolved but appear likely to be definitively resolved in just a few months—would impose a heavy burden on both the government and the Court. First, if the Supreme Court's decision resolves this case in the Government's favor, then all parties and the Court will have wasted considerable time and resources on discovery. *See Brown v. Energy Servs. Grp. Int'l, Inc.*, Case No. 3:21-cv-611, 2022 WL 2161034, at *5 (E.D. Va. Jun. 14, 2022) (explaining that litigating while dispositive issues hang in the balance of the Supreme Court's review "would be antithetical to judicial economy, while wasting time and resources of both parties…"). Accordingly, the most sensible and efficient approach—for both the parties and the Court—is to stay discovery until after the Supreme Court proceedings conclude. *See Prepared Food Photos, Inc. v. N & K Foods, Inc.,* Case No. JKB-22-3372, 2023 WL 2652270, at *1 (D. Md. Mar. 27, 2023) (granting a partial stay where, in the absence of a stay, "the parties will likely engage in duplicative discovery and litigation, and judicial resources will be wasted.").

Finally, as noted above, the relevant cases are set to be heard in the Supreme Court in April. Thus, Defendants' requested stay would be for a short period of time, which decreases the risk of prejudice to Plaintiff while balancing the interests of the parties. *See In re Mut. Funds Inv. Litig.*, 2011 WL 1540134, at *2 ("In this case, because the Steinberg case has already been fully briefed on appeal and is ready to be argued before the Fourth Circuit, the length of the stay should not be

inordinate."); *Prepared Food Photos, Inc.,* 2023 WL 2652270, at *1 (noting that "any prejudice to Plaintiff is tempered by the fact that the Court will not grant an indefinite stay.").

## <u>CONCLUSION</u>

Accordingly, Defendants respectfully request that this Court grant their motion to stay further proceedings in this case under Rule 6 and Local Rule 105 until the Supreme Court issues a ruling, which is anticipated to clarify key issues that are materially relevant to this matter.

Dated: March 27, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

RUTH ANN MUELLER
Senior Litigation Counsel

LAUREN BRYANT
JEFFREY HARTMAN
CATHERINE ROSS
ERIC SNYDERMAN
SHELBY WADE
DANIEL CAPPELLETTI
ILANA KRAMER
Trial Attorneys

*/s/ Shelby Wade*
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 285-8379
Shelby.Wade2@usdoj.gov

*Counsel for Defendants*