# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |
|---|---|
| CASA, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, & UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>*Defendants*. | **Case No.** 8:25-cv-1484 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendants U.S. Department of Homeland Security and Kristi Noem produce the documents and

things identified below. Defendants shall respond to these Requests on or before March 5, 2026.

**INSTRUCTIONS AND DEFINITIONS**

As used in these discovery requests, the following definitions apply:

1.      "Defendants" means the U.S. Department of Homeland Security (DHS), a

defendant in this action, including all of its components and subcomponents, as well as its, or its

components' or subcomponents', past or present officers (whether acting or appointed), agents,

servants, employees, attorneys, accountants, consultants, affiliates, or other persons or entities

acting on its behalf. It includes, but is not limited to, the Secretary of Homeland Security Kristi

Noem, U.S. Citizenship and Immigration Services (USCIS), and any other agent, officer, or

instrumentality that is part of DHS.

1

2.      "Plaintiff" means CASA, Inc., the plaintiff in this action.

3.      "You" and "Your" means the respective Defendants in the above-captioned lawsuit, and any employee, agent, consultant, related entities, or other representatives of each respective Defendant in the above-captioned lawsuit.

4.      "TPS" means temporary protected status, a form of immigration relief available to nationals of designated countries, as set forth in 8 U.S.C. § 1254a.

5.      The term "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents.

6.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and should be understood to refer to any communications that occurred in any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, testimony, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby facts, ideas, inquiries or otherwise are transmitted between or among more than one person, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

7.      The term "thing" refers to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

2

8.     "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

9.     "Including" means including but not limited to.

10.     "Person" and "persons" means (i) natural persons; (ii) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (iii) governmental bodies, instrumentalities, or agencies.

11.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

12.     The terms "all," "any," and "each" must each be construed as encompassing any and all.

13.     The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

14.     Unless otherwise indicated, the Requests cover the period from January 20, 2025, to the present.

15.     The Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, Defendants become aware of any further document(s), thing(s), or information responsive to these Requests, Defendants are required to produce such additional documents, things, and/or information to Plaintiff promptly upon acquiring possession of such.

16.     If any document or thing is not produced based on a claim of privilege, or if Defendants contend a document or thing is otherwise exempt from discovery, Defendants shall

3

provide Plaintiff with a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

17.     If Defendants object to any Request as overly broad or unduly burdensome, Defendants shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

18.     If Defendants are aware that any document or thing responsive to any Request once existed but has been destroyed, or is no longer available for production, Defendants shall identify and describe the document or thing, identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

19.     Respond to each of the Requests separately. Identify any document responsive to any request as being responsive to the specific request at issue.

20.     All documents are to be produced in native form, except as otherwise agreed, pursuant to Fed. R. Civ. P. 34(b)(1)(C) or as they are kept in the usual course of business so that Plaintiff can ascertain the files in which the documents are located, their relative order in such files, and how such files are maintained.

21.     This Request applies to any document in Defendants' possession, custody, or control, including, but not limited to, documents stored on backup tapes, personal devices used by any current or former employee or agent of Defendant, cloud platforms, or social media networks.

22.     Defendants need not produce any document or communication that they have produced in other cases, unless the document in question was designated as confidential pursuant to a protective order.  If Defendants withhold any documents on this basis, Defendants shall provide Plaintiff with a log describing the nature of the documents or communications with

sufficient specificity to enable Plaintiff to assess their relevance to this litigation and to request them from another litigation team.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:** All communications concerning whether to extend, terminate, vacate, or partially vacate a country's TPS designation, whether or not a final extension, termination, vacatur, or partial vacatur decision has been published in the Federal Register on the date of production.

**REQUEST FOR PRODUCTION NO. 2:** Draft and final decisional memoranda concerning whether to extend, terminate, vacate, or partially vacate a country's TPS designation (other than Afghanistan's or Cameroon's), whether or not a final extension, termination, vacatur, or partial vacatur decision has been published in the Federal Register on the date of production.

**REQUEST FOR PRODUCTION NO. 3:** The complete administrative record concerning any final decision to extend, terminate, vacate, or partially vacate a country's TPS designation, excluding the administrative records produced in this litigation and those that are publicly available on the dockets in other litigation.

**REQUEST FOR PRODUCTION NO. 4:** All documents provided to, reviewed by, or considered by the Secretary of Homeland Security in determining whether to extend, terminate, vacate, or partially vacate a country's TPS designation, which has not already been produced as part of an administrative record or in response to Request No. 3.

**REQUEST FOR PRODUCTION NO. 5:** All fully executed "Records of Clearance and Approval" (or the equivalent approval document) concerning any final decision to extend, terminate, vacate, or partially vacate a country's TPS designation, excluding those produced as

5

part of the administrative records in this case or that are publicly available on the dockets in other litigation.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications concerning any effort to end or limit TPS as a program or form of immigration relief, generally, whether or not in relation to any particular country's TPS designation.

**REQUUEST FOR PORDUCTION NO. 7:** All documents and communications concerning how to respond to questions from media or TPS beneficiaries about decisions to extend, terminate, vacate, or partially vacate a country's TPS designation.

**REQUEST FOR PRODUCTION NO. 8:** All communications concerning the termination of the Cuba, Haiti, Nicaragua, and Venezuela (CHNV) parole programs.

**REQUEST FOR PRODUCTION NO. 9:** All documents provided to, reviewed by, or considered by the Secretary of Homeland Security in determining whether to terminate the CHNV parole programs that have not been produced as part of the administrative record in *Doe v. Noem*, No. 1:25-cv-10495 (D. Mass.).

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents concerning the large-scale termination of Student and Exchange Visitor Information System (SEVIS) records and revocation of F-1 visas.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications concerning Defendants' implementation of and compliance with Executive Order 14,150.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications concerning Defendants' implementation of and compliance with Executive Order 14,159.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications concerning Defendants' implementation of and compliance with §§ 2, 3(c), and 4 of Executive

Order 14,163, including but not limited to proposals or policies to give preference within the United States refugee system to English speakers, white South Africans or Afrikaners, and Europeans who oppose migration or support "populist" political parties.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications concerning Defendants' implementation of and compliance with § 4 of Executive Order 14,204 and the resettlement of refugees from South Africa.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications concerning Defendants' implementation of and compliance with Executive Order 14,351 and the creation of a "Gold Card" program.

**REQUEST FOR PRODUCTION NO. 16:** All documents supporting the affirmative defenses alleged in Defendants' Partial Answer, ECF No. 96, and Supplemental Answer, ECF No. 128.

**REQUEST FOR PRODUCTION NO. 17:** All documents supporting the denial of any allegation in Plaintiff's First Amended Complaint, ECF No. 41, or Supplement to the First Amended Complaint, ECF No. 55.

**REQUEST FOR PRODUCTION NO. 18:** All documents that Defendants will use, introduce, or otherwise rely upon at summary judgment or trial.

Dated: February 3, 2026

Ryan C. Downer*
Sarah L. Bessell (D. Md. 30969)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St. #400
Washington, D.C. 20005
Tel. (202) 319-1000
Fax (202) 319-1010
ryan_downer@washlaw.org
sarah_bessell@washlaw.org

_____/s/_____
Jonathan L. Backer (D. Md. 20000)
Rupa Bhattacharyya*
Julia Gegenheimer*
Joseph W. Mead (D. Md. 22335)
Mary B. McCord (D. Md. 21998)
Samuel P. Siegel*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
  AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 661-6671
Fax: (202) 661-6730
jb2845@georgetown.edu
jg1370@georgetown.edu
jm3468@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
ss5427@georgetown.edu

*Attorneys for Plaintiff CASA, Inc.*

*Admitted pro hac vice.*

8