**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| CASA, INC.,<br><br>     *Plaintiff,*<br><br>  v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, & U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>     *Defendants*. | **Case No.** 8:25-cv-1484 |

## JOINT STATUS REPORT

On April 3, 2026, this Court stayed all proceedings in this case until after the Supreme Court issued rulings in *Mullin v. Doe*, No. 25-1083 (U.S. 2026), and *Trump v. Miot*, No. 25-1084 (U.S. 2026).  ECF No. 146.  This Court further instructed the parties to file a Joint Status Report no later than 14 days after the Supreme Court resolved the aforementioned cases "proposing next steps" in this case.  *Id.* at 2.

The Supreme Court issued a consolidated decision in the *Doe* and *Miot* cases on June 25, 2026.  *Mullin v. Doe*, 609 U.S. ___, 2026 WL 1825840 (June 25, 2026).  The Court held that 8 U.S.C. § 1254a(b)(5)(A) barred judicial review of all of the "non-constitutional claims" in that case, including not just the "final decision" to terminate Syria's and Haiti's TPS designations, but also the "steps [that] were part of the process that led to" that decision.  *Id.* at *7.  And in reviewing the district court's grant of temporary relief in the *Miot* case, the Court found that, on the record presented, the plaintiffs were not likely to succeed on the merits on their equal-protection claim.

1

*Id.* at *13.

The parties set forth their respective positions on next steps in this case as follows:

**CASA's Position**

As an initial matter, CASA concedes that Counts II and VII of the First Amended Complaint are no longer viable in light of the Supreme Court's decision in *Doe* to the extent that they challenge the Afghanistan and Cameroon terminations as "preordained." *See* Am. Compl. ¶¶ 116–19, ECF No. 41; Supp. Compl. ¶¶ 13–16, ECF No. 55.

Beyond that, CASA respectfully requests additional time to assess *Doe*'s impact on its claims and to consider moving for leave to file a second amended complaint. Defendants will not be prejudiced by this Court's stay remaining in place, as no temporary relief has been entered in this case. Accordingly, CASA respectfully requests that the Court leave its stay in place for an additional 60 days and order the parties to file a second Joint Status Report and for CASA to file any motion for leave to file a second amended complaint on or before that date.

**Defendants' Position**

On June 30, 2026, Counsel for Defendants asked Counsel for Plaintiffs whether their clients intended to dismiss this case in light of the *Mullin v. Doe* decision. It is Defendants' position that, in light of that Supreme Court's decision, this Court lacks authority to decide Plaintiffs' non-constitutional claims because the Supreme Court held "the TPS statute's judicial-review bar applies to all non-constitutional claims." *See Mullin v. Doe*, No. 25-1083, — S. Ct. —, 2026 WL 1825840, at *10 (U.S. June 25, 2026). The review bar also forecloses Plaintiffs' constitutional claims. *See* 8 U.S.C. § 1254a(b)(5)(A); *Doe*, 2026 WL 1825840, at *12-16 (Thomas, J., concurring). Even if constitutional claims were reviewable, Plaintiffs' equal protection claim is unlikely to succeed on the merits for the reasons articulated by the Supreme Court in *Doe*. *Id*. at

*10-*12.

Here, Plaintiffs concede that Counts II and VII of the First Amended Complaint are no longer viable to the extent that they challenge the Afghanistan and Cameroon terminations as "preordained." Accordingly, so that the parties can continue to assess the impact of *Doe* on this litigation, Defendants do not oppose and join Plaintiffs' request that this Court enter an order for an additional 60 day stay, order the parties to file a second Joint Status Report within a time certain, and for Plaintiffs to file a motion for leave to file a second amended complaint on or before the end of the stay period.

<table>
<tr><td>July 9, 2026</td><td>Respectfully submitted,</td></tr>
</table>

|  |  |
|---|---|
|  | _____/s/_____ |
| Ryan C. Downer* | Jonathan L. Backer (D. Md. 20000) |
| Sarah L. Bessell (D. Md. 30969) | Rupa Bhattacharyya* |
| WASHINGTON LAWYERS' COMMITTEE FOR | Julia Gegenheimer* |
| CIVIL RIGHTS AND URBAN AFFAIRS | Mary B. McCord (D. Md. 21998) |
| 700 14th St. #400 | INSTITUTE FOR CONSTITUTIONAL ADVOCACY |
| Washington, D.C. 20005 |   AND PROTECTION |
| Tel. (202) 319-1000 | Georgetown University Law Center |
| Fax (202) 319-1010 | 600 New Jersey Ave., N.W. |
| Ryan_downer@washlaw.org | Washington, D.C. 20001 |
| sarah_bessell@washlaw.org | Phone: (202) 661-6671 |
|  | Fax: (202) 661-6730 |
|  | jb2845@georgetown.edu |
|  | jg1370@georgetown.edu |
|  | mbm7@georgetown.edu |
|  | rb1796@georgetown.edu |
|  |  |
|  | *Attorneys for Plaintiff CASA, Inc.* |

*Admitted pro hac vice.*

BRETT A. SHUMATE
Assistant Attorney General

RUTH ANN MUELLER
Senior Litigation Counsel

LAUREN BRYANT

3

JEFFREY HARTMAN
CATHERINE ROSS
ERIC SNYDERMAN
SHELBY WADE
DANIEL CAPPELLETTI
Trial Attorneys

*/s/ Shelby Wade*_____
SHELBY WADE
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 285-8379
Shelby.Wade2@usdoj.gov

*Counsel for Defendants*

4