**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No. 25-1484-TDC |

**ORDER**

Upon review of the September 11, 2026 Joint Status Report, ECF No. 158, the Court makes the following findings:

1. As the parties agree, Counts 1, 3, 4, and 6 of the First Amended Complaint must be dismissed in light of the Supreme Court's ruling in *Mullin v. Doe*, 146 S. Ct. 2121 (2026), that non-constitutional challenges to a temporary protected status ("TPS") determination are barred by 8 U.S.C. § 1254a(b)(5)(A). These claims will therefore be dismissed.

2. Counts 2 and 7 assert challenges under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), to the determinations to terminate TPS for Afghanistan and Cameroon, respectively, based on the claim that the agency determinations were "arbitrary, capricious, and not in accordance with law" because they relied on "factors which Congress ha[d] not intended [the agency] to consider" in that they were each "a preordained decision directed by the President" as part of an effort "to reduce the number of nonwhite immigrants in this country." Am. Compl. ¶ 119, ECF No. 41; Supp. Am. Compl. ¶ 16, ECF No. 55. Such claims are statutory claims, not

constitutional claims, because they are asserted under the APA, allege violations of statutory standards, and focus on the claim that the allegedly preordained nature of the decisions itself violates the APA because it is incompatible with consideration of the factors designated in the TPS statute. To the extent that Counts 2 and 7 reference an effort to reduce the number of nonwhite immigrants to the United States, they do so in support of the statutory arguments and notably make no reference to any alleged violation of a constitutional right. The Court therefore finds that Counts 2 and 7 assert non-constitutional claims and are thus barred by 8 U.S.C. § 1254a(b)(5)(A) as interpreted by the Supreme Court in *Mullin*. In any event, any assertion of equal protection claims in Counts 2 and 7 would be effectively redundant of the claims in Counts 5 and 8. Counts 2 and 7 will therefore be dismissed.

3. In light of these determinations, Defendants' proposed Motion for Judgment on the Pleadings is effectively a Motion for Reconsideration of the Court's denial of Defendants' Motion to Dismiss Counts 5 and 8. *See* Mem. Op. at 3–15, ECF No. 122. Upon review of *Mullin*, however, the Court finds that there is no basis to reconsider that ruling. *Mullin* did not conclude that 8 U.S.C. § 1254a(b)(5)(A) bars such constitutional claims, it did not conclude that the legal standard applied by this Court in relation to the equal protection claims was incorrect, and while it found on the specific facts of the cases under review that the plaintiffs had not shown a likelihood of success on the merits, it did not conclude that equal protection claims such as those asserted in Counts 5 and 8 necessarily must be dismissed under the legal standard applicable to a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (stating that the standards applicable to a Rule 12(b)(6) motion and a Rule 12(c) motion are the same). Defendants' references to the standards for a procedural due process claim are not relevant because the Court does not construe

Counts 5 and 8 to assert such a claim. Where the Court's prior ruling that Counts 5 and 8 state plausible claims for relief and may proceed to discovery is the law of the case, and where there has been no change in law that warrants reconsideration of that decision, the Court will require that Defendants' third dispositive motion in this case be deferred until after discovery.

Accordingly, it is hereby ORDERED that:

1. The stay in this case entered in the April 3, 2026 Order, ECF No. 146, is lifted.
2. Counts 1, 2, 3, 4, 6, and 7 of the Amended Complaint are DISMISSED.
4. The filing of Defendants' proposed Motion for Judgment on the Pleadings, or any other dispositive motion, is deferred until after discovery.
5. Discovery will proceed on the following schedule:

| | |
|---|---|
| Completion of Discovery | March 12, 2027 |
| Submission of Post-Discovery Joint Status Report | March 12, 2027 |
| Requests for Admission | March 19, 2027 |
| Notice of Intent to File a Dispositive Motion | March 26, 2027 |

6. The Court will schedule a hearing on the discovery issues raised in ECF Nos. 133, 135, and 141 through a separate Order. In advance of that proceeding, the parties are directed to meet and confer on the issue of whether any of the previously identified discovery requests are no longer necessary or in dispute in light of *Mullin* and the present Order, and Plaintiff is directed to file within **21 days** of the date of this Order an Amended Notice of Intent that replaces the prior Notices and includes a summary of all remaining disputes.

Date: October 2, 2026

THEODORE D. CHUANG
United States District Judge